Wenzhe Cui v. Garland

BIA
A200 729 820

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-four.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

WENZHE CUI,
> *Petitioner*,

v.                                                               22-6464
                                                                 NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:**          Zhong Yue Zhang, Zhang & Associates, LLC, Flushing, NY.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant Attorney General, Erica B. Miles, Assistant Director, Rachel P. Berman-Vaporis, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wenzhe Cui, a native and citizen of the People's Republic of China, seeks review of a September 9, 2022 decision of the BIA denying his motion to reopen his removal proceedings. *In re Wenzhe Cui,* No. A 200 729 820 (B.I.A. Sept. 9, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and any underlying factfinding for substantial evidence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 168–69 (2d Cir. 2008). The BIA abuses its discretion when it acts "in an arbitrary or capricious manner," such as when it "provides no rational

explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005) (internal quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

A noncitizen seeking to reopen must file a motion to reopen within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the ninety-day deadline does not apply when, as alleged here, the motion to reopen is premised "on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). If a petitioner shows his motion is timely, then he must meet the "heavy burden" of establishing his *prima facie* eligibility for asylum, meaning that "the proffered new evidence would likely alter the result in h[is] case." *Jian Hui Shao*, 546 F.3d at 168 (quoting *INS v. Abudu*,

485 U.S. 94, 110 (1988)). That burden is heavier still when the initial application was denied based on an adverse credibility finding, as the motion to reopen must "either overcome the prior determination [of adverse credibility] or show that the new claim is independent of the evidence that was found [to be] not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020); *see also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005). Moreover, the agency may still take the adverse credibility finding into account when considering the new and independent claim, such as by declining to credit documents submitted in support thereof. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147–48 (2d Cir. 2007) (declining to credit a new document submitted in support of a motion to reopen because the petitioner had been found not credible in his prior testimony).

Here, Cui initially applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") in 2010, seeking such relief because he feared persecution by the Chinese Communist Party ("CCP") over his Christian religious practices and the assistance he provided to a North Korean refugee. Citing inconsistencies in his evidence and implausible aspects of his story, the agency found Cui not credible and denied his application in 2016. Cui

4

filed a motion to reopen that application in 2020, asserting that changed country conditions and personal circumstances merited a different result. In support, Cui pointed to new evidence that he had joined and begun publicly supporting an anti-CCP political party, which allegedly prompted authorities to interrogate Cui's father in China over Cui's dissident activities. The BIA, however, found that Cui's supporting documents were undermined by "irregularities" and failed to rehabilitate his prior "history of lacking credibility." Certified Admin. Record at 6. On that basis, the agency declined take his new documents "at face value" and denied his motion to reopen. *Id.* Despite Cui's various challenges, we see no reason to disturb the agency's decision.

As an initial matter, we reject Cui's argument that the BIA erred in relying on his prior adverse credibility finding when it considered his new claim premised on his recent political dissent. To be sure, a petitioner's new claim – based on facts that are "independent" of his earlier testimony – is "not necessarily foreclosed" merely because the agency previously found him not credible. *Paul v. Gonzalez*, 444 F.3d 148, 154 (2d Cir. 2006) (emphasis omitted). However, the agency may still consider the prior adverse credibility finding when it assesses the

evidence submitted in support of his new claim. *See Qin Wen Zheng*, 500 F.3d at 148 (declining to credit a new document submitted in support of a motion to reopen because the petitioner had been found not credible in his prior testimony); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that "a single instance of false testimony may (if attributable to the petitioner) infect the balance of the [petitioner's] uncorroborated or unauthenticated evidence"). In other words, the agency need not turn a blind eye to the fact that a petitioner was previously found not credible, even when the agency analyzes a new and independent claim asserted in a motion to reopen. Consequently, the agency did not err here when it declined to take at "face value" Cui's new documents in light of his prior lack of credibility – an assessment that was compounded by irregularities in the new documents themselves. Certified Admin. Record at 6.

For this reason, we also reject Cui's arguments that the agency erred by failing to consider the evidence in support of his new claim and by failing to find that Cui established a case for relief. The agency properly considered (and dismissed) that evidence when it observed the irregularities in those documents – as further discussed below – and declined to credit them in light of Cui's past lack

6

of credibility.  The agency acted well within its discretion when it declined to accept Cui's new claims "at face value" and denied Cui's motion.  *Id.*

Next, Cui faults the agency for relying on "minor translation errors and typing mistakes" – the aforementioned irregularities – in his motion and supporting evidence.  Pet'r Br. at 25.  However, the errors in Cui's documents bear on the authenticity of that evidence, which in turn gave the BIA sound reasons to discredit it.  Some of the articles purporting to show Cui's membership in the political party misspell the group's name in the heading – errors not attributable to the translator, given that the original documents contain an English-language heading with the same misspelling.  Further, the translated version of an article purportedly written by Cui (which announced his decision to join the dissident party) is dated inconsistently at its head and its close.  Though this inconsistency could possibly be attributed to a translation error, the agency was not obliged to presume as much given Cui's past credibility issues.  *See Qin Wen Zheng*, 500 F.3d at 148; *Siewe*, 480 F.3d at 170.

Finally, because Cui's CAT claim was premised on the same facts and evidence as his claims for asylum and withholding of removal, the agency did not

7

err in relying on the same reasoning – including its evaluation of credibility – to deny reopening to reapply for CAT protection. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court